# IN THE COURT OF APPEALS OF IOWA

No. 22-1237
Filed November 2, 2022

**IN THE INTEREST OF A.M., I.M., and T.L.,**
**Minor Children**

**A.M., Mother**
    Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Andrew J.C. Meyer of Newbrough Law Firm, L.L.P., Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Shannon M. Leighty of the Public Defender's Office Nevada, Iowa, attorney and guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights, claiming the State did not prove a statutory ground for termination. We find clear and convincing evidence supports termination. We affirm.

## I.      Background Facts & Proceedings

The mother and her three children[1] came to the attention of the Department of Human Services (DHS) in August 2020 following reports of the mother's substance abuse, namely methamphetamine and marijuana.[2] After an at-home visit, additional concerns were raised about the unsanitary conditions of the home. Those concerns, as well as issues with the mother's mental health and inadequate supervision of the children, were the same as those found in the two-prior child-in-need-of-assistance (CINA) cases the mother was involved in, beginning in 2010. She has accumulated nearly four-dozen child abuse assessments, a significant portion of which were founded. The last CINA case concluded in 2018.

The children—A.M., age eight, I.M., age eleven, and T.L., age sixteen, were removed from the mother's custody in August 2020. All three children were adjudicated CINA on October 22, 2020, pursuant to Iowa Code section 232.2(6)(c)(2) (2020). In part, due to the mother's assurances to address the issues underpinning the adjudication, the children were returned to the mother's custody at the time of adjudication. However, A.M. and I.M. were removed from the home again in April 2021 due to the mother's drug use, the unsanitary

[1] Another child, E.M., was involved in these proceedings until reaching the age of eighteen prior to the termination hearing.
[2] At the time of the termination proceedings, the mother was 43 years old. She testified she first used methamphetamine with her own mother at age 19.

conditions in the home, and allegations that the mother was withholding food from the children. T.L., the eldest child, was subsequently removed in June 2021 due to the mother's continued drug use. [3]

The children have remained in their pre-adoptive placements for the remainder of the case.[4] All have exhibited strong growth behaviorally and academically since their removal. I.M. and T.L. have indicated opposition to returning to their mother's custody. The children currently visit their mother once a week for two hours.[5] The visits have remained fully supervised at the mother's home for the duration of the case.

The mother testified at trial to the variety of services she is currently engaged in, including therapy and attending AA. She has not tested positive for methamphetamine since August 2021. However, she failed to complete a drug test just a few days before trial, presumed to be positive for drug use. She also continues to use marijuana. She obtained a medical cannabinoid card, which permits her to use cannabinoid oil. However, she admitted at trial that she still uses non-oil marijuana that she obtains illegally, with such use occurring as recently as two days before trial. The physical condition of her home was debated at trial, although it is clear the home is in a better condition when she has outside support cleaning it.

---

[3] T.L. has been subject to five removals from parental custody, and A.M. and I.M. have each been subject to four removals.
[4] The children are in three separate placements.
[5] All three children are scheduled to have visitation together, although I.M. generally resists going to visits and only attends one or two a month.

The State filed petitions to terminate the mother's parental rights to all three children on March 23, 2022. The hearing was held in June 2022. Following the hearing, the court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2022).[6] The mother appeals.

## II.    Standard of Review

We review the termination of parental rights de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). We are not bound by the juvenile court's factual findings, but we give them weight, particularly for credibility assessments. *Id.* Our fundamental concern is the best interests of the children. *Id.*

We generally use a three-step analysis to review the termination of parental rights. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). However, because the mother only contests the statutory grounds for termination, we need not consider the second and third steps. *Se id.* at 40.

## III.    Discussion

The mother claims the court should not have terminated her parental rights because the State did not prove a statutory ground for termination. The mother's rights were terminated under section 232.116(1)(e) and (f). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We find termination was proper under section 232.116(1)(f).[7]

---

[6] The court also terminated the parental rights to the children for their three fathers. None of the fathers appeal.

[7] The section permits the court to terminate the parent-child relationship when all the following are found:

The mother only contests the last element of that section—that the children could not be returned to her custody at the present time. Under this section, termination is proper if the children could not be returned home without exposing them to further adjudicatory harm. *See In re K.S.*, No. 16-1258, 2016 WL 5485103, at *1 (Iowa Ct. App. Sept. 28. 2016); *cf. In re T.W.*, No. 20-0145, 2020 WL 1881115, at *1-2 (Iowa Ct. App. Apr. 15, 2020) (explaining that the proper standard is whether the children can be "safely returned"). "At the present time" means at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother points to several factors indicating the children could return home safely. First, she highlights her progress in therapy and consistent attendance and support network from AA. She also submitted photographs of her home, which is cleaner than in the past. She indicated the most important differences between her now and from the prior CINA proceedings are: (1) her medical cannabinoid card and (2) she has "a higher power now."

Despite the mother's purported successes, we find clear and convincing evidence establishes the children cannot be safely returned at the present time. First, testimony was consistent at trial that the mother's home is not nearly as clean as her photographic exhibits suggest. Additionally, the house only is cleaned or

---

(1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

remains clean when the mother has outside help. She is not capable of maintaining sanitary conditions on her own. Second, the mother testified that she has engaged in therapy and AA for over two decades with minimal success. It is apparent from the record before us that the mother finds success while DHS is involved, then regresses once the case is closed.

The mother's answer to substance abuse involving marijuana—her self-professed drug of choice—was to obtain a medical cannabinoid card. But the mother is not complying with the restrictions of that card. For instance, she admitted at trial that she smoked marijuana that she obtained illegally just two days before trial. She also recently purchased a grinder despite the fact that cannabinoid cards only permit the use of cannabinoid oil. And the mother failed to participate in a drug test a few days before trial, a presumptive positive result.

We also highlight several other factor's weighing into our decision. The district court expressly found the mother was not credible, calling into question the progress she contends she has made. Those concerns are heightened due to the very long tenure of her involvement with DHS and the persistence of the same issues throughout that involvement. Additionally, the mother conceded that she would need DHS to stay involved following the case if she regained custody because she needs consistent encouragement to prevent regressing to her old ways. And she admitted she could only take one of the children back at the time of trial. The children cannot safely be returned to the mother at the present time.

**AFFIRMED.**